Brad D. Rose (BDR 2740)
Ilene S. Farkas (ISF 3212)
Benjamin K. Semel (BKS 6296)
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue
New York, New York 10022

Attorneys for Plaintiff
DJR HOLDINGS, LLC

JUDGE JONES

05 CV 1300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DJR HOLDINGS, LLC, a New York corporation,

    Plaintiff,

    v.

GLOBAL TALENT ASSOCIATES, LLC,
a New York corporation,

    Defendant.
------------------------------------------------------------X

05 Civ. _____

COMPLAINT

FEB - 3 2005

    Plaintiff DJR Holdings LLC ("Plaintiff" or "DJR"), as and for its Complaint against Defendant GLOBAL TALENT ASSOCIATES, LLC, a New York corporation ("GTA"), alleges as follows:

### SUMMARY OF DISPUTE

    1.    Defendant has willfully and in bad faith copied Plaintiff's trademarks and used them in connection with the marketing of competing services, including on Defendant's Internet website. Defendant's actions are in violation of federal and state laws governing trademarks, unfair competition and deceptive acts and practices.

### JURISDICTION AND VENUE

    2.    The causes of action for trademark infringement, federal dilution, false advertising, false association/affiliation and unfair competition arise under the Trademark Laws

of the United States, Title 15 U.S.C. § 1051 et seq., and this Court has federal jurisdiction of these claims pursuant to 15 U.S.C.§ 1121(a) and 28 U.S.C §§ 1331 and 1338.  This Court has subject matter jurisdiction pursuant to Section 39 of the Lanham Trademark Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has federal jurisdiction over the related claims for common law unfair competition pursuant to 28 U.S.C. § 1338(b).  This Court has supplemental jurisdiction over the related claims for deceptive acts and practices, misappropriation, state dilution and unjust enrichment pursuant to 28 U.S.C. § 1367.  Defendant is a New York corporation with its principal place of business in New York, and is thus subject to the personal jurisdiction of this Court under the Federal Due Process Clause as well as Rules 301 and 302 of the New York Civil Practice Law and Rules.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(a) because Defendant resides in this District and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

4.     Plaintiff DJR is a limited liability company duly organized and existing under the laws of the State of New York with a principal place of business at 530 Seventh Avenue, New York, New York 10018.

5.     Upon information and belief, Defendant GTA is a limited liability company duly organized and existing under the laws of the State of New York with a principal place of business at 350 Fifth Avenue, Suite 6719, New York, New York 10118.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

DJR's Valuable and Famous Family of Trademarks

6. In the early 1980s, Russell Simmons, the famous entertainment industry executive, entrepreneur and innovator, founded DEF JAM RECORDINGS®, one of the most famous recorded music labels in the world.

7. Over the course of the past two decades, DEF JAM RECORDINGS® has launched the musical careers of some of the most popular contemporary musical performers on the planet, including Run-DMC, Kurtis Blow, Public Enemy, LL Cool J, Slick Rick and the Beastie Boys. The current DEF JAM® artist roster (either directly or through joint ventures) includes such artists as Jay-Z, LL Cool J, Musiq, Ludacris, Kanye West, Redman, Method Man, Ashanti and many others. DEF JAM®'s enormous popularity and influence in urban music are the driving forces behind the sale of millions of DEF JAM recordings worldwide.

8. The fame, success and popularity of DEF JAM® branded music product, has afforded Mr. Simmons the opportunity, working through DJR, to expand the DEF JAM® brand into a multimedia and consumer products brand that extends well beyond the music business. Indeed, the DEF JAM brand (and extensions of that brand name) includes: DEF FILMS (which produced "The Nutty Professor" starring Eddie Murphy, which won a People's Choice Award, along with "Gridlokd," "Def Jam's How to be a Be a Player" and other major, theatrically released, feature film projects), DEF COMEDY JAM® (live, stand up comedy shows with eight years of national touring, an HBO television series that aired for six years and a successful video series); DEF JAM UNIVERSITY™ (a young mens apparel brand); DEF JAM VENDETTA™ (one of the most popular electronic home video games released in 2002); DEF JAM FIGHT FOR NY™ (a recently released sequel to the DEF JAM VENDETTA video game); DEF CON 3™ (an

3

energy drink); DEF JAM WIRELESS™ (a soon to be launched but much publicized wireless content delivery services); and the brand that is the subject of this lawsuit, DEF POETRY JAM® ("Def Poetry Jam") (a groundbreaking live and televised entertainment show featuring contemporary poetry performances by cutting edge, young poets).

9. As a result of the substantial use and extensive promotional activity by DJR of the DEF JAM® brand through the 1980s, 1990s and now, in the new millennium, the mark DEF JAM® has gained worldwide recognition as a symbol of premier hip-hop entertainment and lifestyle goods and services. The tremendous goodwill and renown associated with DJR's DEF JAM family of marks is aptly demonstrated by the countless publications that have advertised and featured these marks including, among others, the New York Times, the Los Angeles Times, People Magazine, Entertainment Weekly, Variety, Billboard, Vibe, Vanity Fair, Time, Newsday and Ad Weekly. Because of the unsolicited publicity it has received over the years, DJR and the family of DEF JAM marks have become famous and deserving of the utmost protection from infringement.

10. Def Poetry Jam opened on Broadway on November 14, 2002 to rave critical reviews and won a TONY AWARD® for Best Special Theatrical Event. Since beginning a tour in October 2003, Def Poetry Jam has produced and exhibited over 100 touring performances around the world.

11. Def Poetry Jam is also in its fifth season as a hit series on the cable television station HBO, and has launched a popular book anthology entitled "Bum Rush the Page: A Def Poetry Jam," which is being used as a textbook in select universities.

12. Plaintiff has expended millions of dollars promoting and exhibiting Def Poetry Jam, creating a famous brand that has garnered media attention from nearly every major

newspaper and periodical in the United States. As a result, Def Poetry Jam has established itself as the single most famous and respected touring theatrical show involving spoken word and poetry performances.

13. DJR owns numerous federal trademark registrations relating to its Def Poetry Jam service (the "Def Poetry Jam Marks"), including: RUSSELL SIMMONS PRESENTS DEF POETRY® (Reg. No. 2,711,027) (Cl. 41); RUSSELL SIMMONS PRESENTS DEF POETRY and Design® (Reg. No. 2,708,969) (Cl. 41); RUSSELL SIMMONS PRESENTS DEF POETRY™ (Ser. No. 76-388537) (Cl. 41); RUSSELL SIMMONS PRESENTS DEF POETRY and Design™ (Ser. No. 76-388536) (Cl. 41); RUSSELL SIMMONS DEF POETRY™ (Ser. No. 76-344394) (Cl. 9); DEF POETRY™ (Ser. Nos. 76-344393 (Cl. 9) and 76-344391 (Cl. 41); DEF POETRY JAM® (Reg. No. 2,620,227) (Cl. 41); DEF POETRY JAM™ (Ser. Nos. 76-212337 (Cl. 9), 76-344395 (Cl. 16), 76-212338 (Cl. 25)); RUSSELL SIMMONS DEF POETRY JAM ON BROADWAY® (Reg. No. 2,785,971) (Cl. 41); RUSSELL SIMMONS DEF POETRY JAM ON BROADWAY and Design® (Reg. No. 2,781,643) (Cl. 41); RUSSELL SIMMONS DEF POETRY JAM ON BROADWAY™ (Ser. Nos. 76-468800 (Cl. 9) and 76-468802 (Cl. 25)); RUSSELL SIMMONS DEF POETRY JAM ON BROADWAY and Design™ (Ser. Nos. 76-468801 (Cl. 9) and 76-468803 (Cl. 25)) and RUSSELL SIMMONS and Design™ (Ser. No. 76-427383) (Cl. 9) (collectively, the "Marks"). Additionally, our clients own the copyright in and to their original design marks, including, <u>inter alia</u>, the RUSSELL SIMMONS PRESENTS DEF POETRY® design marks.

14. GTA is well aware of the Def Poetry Jam Marks and DJR's famous brand. GTA is also well aware that it had no authorization or license to use any of the Def Poetry Jam Marks in connection with its services. In 2002, GTA settled out of court a dispute with DJR. This

5

dispute also involved GTA's improper attempt to associate its services with those of DJR and Def Poetry Jam. Furthermore, on January 26, 2005, GTA received a cease and desist letter from DJR regarding GTA's infringing and bad faith commercial uses of the Def Poetry Jam trademarks. GTA has failed and/or revused to respond to the demands set forth in DJR's January 26, 2005 letter.

15. GTA has relied on an improper association with Def Poetry Jam in order to market its competing theatrical show. Annexed as Exhibit A to this Complaint are print-outs of the website operated by GTA (via the Internet domain name GLOBALTALENTASSOC.COM). As these print-outs show, the Def Poetry Jam logo is used on the home page of GTA's website, as part of a video montage of images. The logo is also used on a page describing GTA's competing poetry production.

16. Upon information and belief, GTA has also created other marketing materials for its services that improperly utilize the Def Poetry Jam Marks. Upon information and belief, GTA plans to disseminate these materials at the upcoming National Association for Campus Activities convention in Minneapolis, Minnesota from Feb. 12th - 16th, 2005. This convention is a major booking event for performances such as Def Poetry Jam. Indeed, Def Poetry Jam will have its agents attending the show in order to arrange for performances at, inter alia, college campuses around the country. Upon information and belief, at this show GTA will be marketing its competing poetry production by attempting to associate its production with the famous and respected Def Poetry Jam name, trademarks and other intellectual property belonging to DJR.

17. GTA's unauthorized use of the Def Poetry Jam Marks to market its competing production is damaging to DJR because it is likely to cause confusion, mistake or deception in that consumers are likely to believe that GTA's commercial conduct is connected with,

sponsored by and/or associated with DJR and its Def Poetry Jam brand.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement Under 15 U.S.C. §1114 *et seq.*)

18.     DJR repeats and re-alleges the allegations in Paragraphs 1 through 17 above as if fully set forth herein.

19.     GTA is trading on the Def Poetry Jam Marks and misappropriating the goodwill and reputation which has attached to these marks. GTA's unauthorized use of the Def Poetry Jam Marks constitutes infringement of federally registered trademarks and is likely to confuse and deceive customers into believing that GTA and their services are associated with and/or authorized by DJR.

20.     The acts and conduct of GTA complained of herein constitute willful and deliberate infringement of the Def Poetry Jam Marks in violation of Section 32 of the Lanham Trademark Act, 15 U.S.C. § 1114.

21.     By reason of all the foregoing, DJR is being irreparably injured by GTA's willful infringement of the Def Poetry Jam Marks in the manner set forth above, and such injury will increase until GTA's infringement is enjoined, particularly if GTA is allowed to use the Def Poetry Jam Marks in its marketing at the National Association for Campus Activities convention in Minneapolis, Minnesota from Feb. 12th - 16th, 2005. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 (a). Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Unfair Competition Under 15 U.S.C. §1125(a))

22.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 17 above as if fully set forth herein.

23. The actions complained of herein constitute false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between GTA and DJR and/or the Def Poetry Jam Marks. GTA's unauthorized and infringing poetry production sold under the pretense of a connection with Def Poetry Jam is likely to cause confusion or to deceive as to the affiliation, connection or association of DJR and/or the Def Poetry Jam Marks with GTA, and as to the origin, sponsorship and/or approval of GTA's production.

24. The foregoing acts of GTA constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. By reason of all the foregoing, DJR is being irreparably injured by GTA's willful use of the Def Poetry Jam Marks in the manner set forth above, and such injury will increase until GTA is enjoined from utilizing the Def Poetry Jam Marks. DJR has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Trademark Dilution Under 15 U.S.C. §1125 (c))

26. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 17 above as if fully set forth herein.

27. The Def Poetry Jam Marks are famous marks by virtue of their substantial inherent and acquired distinctiveness, DJR's extensive worldwide use, the extensive advertising and publicity of the marks which has developed strong and widespread recognition of the Def Poetry Jam Marks, and by virtue of the registration of the marks on the Principal Trademark Register of the United States Patent and Trademark Office.

28.     GTA's use of copies of the Def Poetry Jam Marks dilutes the strength and distinctive quality of these marks, and lessens the capacity of the Def Poetry Jam Marks to identify and distinguish DJR's products.

29.     The acts and conduct complained of herein constitute willful and deliberate dilution of the Def Poetry Jam Marks.

30.     The foregoing acts of GTA constitute a violation of the Federal anti-dilution statute, Lanham Trademark Act 43(c), 15 U.S.C. §1125(c).

31.     By reason of all the foregoing, DJR is being irreparably injured by GTA's willful use of the Def Poetry Jam Marks in the manner set forth above, and such injury will increase until GTA is enjoined from utilizing the Def Poetry Jam Marks. DJR has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

32.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 17 above as if fully set forth herein.

33.     By reason of all of the foregoing, DJR has acquired common law trademark rights in the Def Poetry Jam Marks in connection with, among other things, theatrical productions.

34.     The actions of GTA herein complained of are likely to create confusion, mistake and deception of consumers into believing that GTA's infringing and unauthorized production is authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the Def Poetry Jam Marks owned by DJR.

35.     Upon information and belief, the acts and conduct of GTA complained of constitute willful and deliberate infringement of DJR's common law rights in the Def Poetry Jam Marks and will continue in willful and wanton disregard of DJR's valuable trademark rights.

36. The foregoing acts of GTA constitute infringement of the Def Poetry Jam Marks in violation of the common law of the State of New York.

37. By reason of all the foregoing, DJR is being irreparably injured by GTA's willful use of the Def Poetry Jam Marks in the manner set forth above, and such injury will increase until GTA is enjoined from utilizing the Def Poetry Jam Marks. DJR has no adequate remedy at law. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

38. DJR repeats and realleges the allegations of paragraphs 1 through 17 of the Complaint as if fully set forth herein.

39. DJR owns and enjoys common law trademark rights in the Def Poetry Jam Marks in New York and throughout the United States.

40. GTA's unlawful acts in appropriating rights in DJR's common law the Def Poetry Jam Marks were intended to capitalize on DJR's goodwill for GTA's own pecuniary gain. DJR has expended substantial time, resources and effort to obtain an excellent reputation for itself and its Def Poetry Jam Marks. As a result of DJR's efforts, GTA is now unjustly enriched and are benefiting from property rights that rightfully belong to DJR.

41. GTA's unauthorized use of the Def Poetry Jam Marks have caused and are likely to cause confusion as to the source of GTA's services, all to the detriment of DJR.

42. GTA's acts are willful, deliberate, and intended to confuse the public and to injure DJR.

43. GTA's acts constitute unfair competition under New York common law.

44. DJR has been irreparably harmed and such harm will increase as a result of GTA's unlawful acts until GTA is permanently enjoined from its unlawful conduct. DJR has no adequate remedy at law.

45. In light of the foregoing, DJR is entitled to injunctive relief prohibiting GTA from using the Def Poetry Jam Marks, and to recover all damages, including attorneys' fees, that DJR has sustained and will sustain, and all gains, profits and advantages obtained by GTA as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

### SIXTH CLAIM FOR RELIEF
(Violation of New York's Anti-Dilution Statute
New York General Business Law Section 368-d)

46. DJR repeats and realleges the allegations of paragraphs 1 through 17 of the Complaint as if fully set forth herein.

47. The Def Poetry Jam Marks are distinctive marks in the State of New York by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and wide spread publicity of the marks in the State of New York.

48. As a result of the Def Poetry Jam Marks' substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and publicity of the marks in the State of New York, the Def Poetry Jam Marks have become strong and are famous.

49. The actions of GTA complained of herein have already injured and are likely to continue to injure the business reputation and dilute the distinctive quality of the Def Poetry Jam Marks.

50. The foregoing acts of GTA constitute dilution in violation of Section 368-d of the New York General Business Law.

51. By reason of the foregoing, DJR has been and is being damaged by GTA's unauthorized and illegal use of colorable imitations of the Def Poetry Jam Marks in the manner set forth above and will continue to be damaged unless GTA is immediately enjoined under Section 368-d of the New York General Business Law from using the Def Poetry Jam Marks.

52. DJR has been irreparably harmed and such harm will increase as a result of GTA's unlawful acts until GTA is permanently enjoined from its unlawful conduct. DJR has no adequate remedy at law.

WHEREFORE, DJR respectfully requests the following relief:

A. That GTA and its parents, subsidiaries and affiliated companies, its officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be temporarily, preliminarily and permanently restrained and enjoined from using, affixing, offering for sale, selling, advertising or promoting goods or services with any of the Def Poetry Jam Marks, or any trade name or trademark confusingly similar to any of the Def Poetry Jam Marks.

B. That GTA and its parents, subsidiaries and affiliated companies, its officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be temporarily, preliminarily and permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to DJR and the Def Poetry Jam Marks by using any

of the Def Poetry Jam Marks or any trade name or trademark confusingly similar to the Def Poetry Jam trademarked logo without the authorization of Plaintiff.

C. That GTA and its parents, subsidiaries and affiliated companies, its respective officers, agents, directors, employees, shareholders and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be temporarily, preliminary and permanently enjoined from diluting the distinctiveness and goodwill established by DJR in the Def Poetry Jam Marks by using any of the Def Poetry Jam Marks.

D. That all goods, products, signs, labels, brochures, advertising and promotional material bearing the Def Poetry Jam Marks in GTA's possession or subject to GTA's control or direction be delivered to DJR's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E. That GTA be ordered to remove all copies and infringements of the Def Poetry Jam Marks from all of GTA shows, marketing, advertising and promotional materials including but not limited to GTA's Internet website, from any third-party Internet websites under the influence of GTA or its parents, subsidiaries or affiliated companies, officers, agents, directors, employees, shareholders and attorneys or those persons in active concert or participation with GTA who receive actual notice of the injunction by personal service or otherwise.

F. That GTA be ordered to report to the Court, in writing under oath with a copy to DJR's attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which GTA have complied with any such Order.

G. That the Court award an accounting to DJR for the profits of GTA and for the damages sustained by DJR as a result of the willful, intentional and wrongful conduct of GTA.

H.   That because of the willful nature of GTA's acts, the Court enter a judgment for treble the amount of actual damages caused by GTA's conduct.

I.   That GTA be required to pay DJR its costs in this action including reasonable attorneys' fees.

J.   That DJR be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated:   New York, New York
         February 2, 2005

PRYOR CASHMAN SHERMAN & FLYNN LLP

By: _____
   Brad D. Rose (BDR 2740)
   Ilene S. Farkas (ISF 3212)
   Benjamin K. Semel (BKS 6296)
   410 Park Avenue
   New York, New York 10022
   (212) 421-4100
   Attorneys for Plaintiff,
   DJR HOLDINGS LLC